HUNTER and Another *v.* NELSON.

The writ of *ne exeat*, issued from the Circuit Court under the statute of 1831 to secure civil rights, was in the nature of equitable bail; and to authorize the writ, the demand sought to be secured must have been of an equitable nature and due.

But under the statute of 1838, the writ may issue from such Court, whether the debt be of a legal or of an equitable nature, and whether it be due or not.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—*Hunter* and *Pippin* filed their bill of *ne exeat* against *Nelson* in the Circuit Court. They allege they were the sureties of one *Carter* to one *Deery* in two promissory notes for more than 800 dollars each, one of which was due, and the other not, at the time of exhibiting the bill; that they became apprehensive of loss in consequence of their suretiship, and applied to *Carter* to give collateral security; that *Nelson* being indebted to *Carter*, at his request, executed a writing obligatory, by which he promised *Carter* to pay the notes executed by the complainants as *Carter's* sureties, and to save them harmless therefrom; that this writing obligatory was procured by *Carter* for the benefit of, and in trust for, the complainants; that *Carter*, afterwards, by indorsement thereon, assigned it to them; that *Carter* had absconded, insolvent; and that *Nelson* was about to leave the state, with all his property, and without having paid the notes or any part of them, or making any provision for their payment. The bill closes with the usual prayer in such cases. *Nelson* demurred; the demurrer was allowed, and the bill dismissed.

The law in force, when this bill was filed, respecting writs of *ne exeat* issuing from the Circuit Courts, simply empowers those Courts to grant the writ. R. C. 1831, p. 396. It is silent with regard to the nature of the debt, to secure which the writs may issue. That matter is left to the government of principles independent of the enactments of the statute. Looking to those principles, we think the Circuit Court committed no error in dismissing the bill. The writ of *ne exeat*, when resorted to to secure civil rights, is in the nature of equitable bail; 2 Story's Eq. 689, 690; and to authorize the writ, the demand sought to be secured must be of an equita-

May Term,
1840.

ble nature, and due.   2 Madd. Pr. 227, 8.—2 Story's Eq. 689, 690.—*Seymour · v. Hazard,* 1 Johns. C. R. 1.   The only demand against *Nelson* which the bill alleges, arose from his covenant to *Carter* to pay the notes secured by the complainants; after the assignment of that instrument to them, their claim was of a purely legal nature, and could be enforced only in a Court of law.

We have a statute which authorizes justices of the peace to issue writs of *ne exeat* on debts within their jurisdiction, though they be of a legal character, and not due at the time of making application for the writ; but this law, though it was in force when this bill was filed, did not affect the power of the Circuit Court.   R. C. 1831, p. 318.   A later act, however, has done away the distinction between debts of an equitable and those of a legal nature, and rendered it also immaterial whether they be due or not at the time of filing the bill.   The Circuit Courts are now clothed with power to grant the writ in either case.   R. S. 1838, p. 417.

*Per Curiam.*— The judgment is affirmed with costs.

*J. Pettit,* for the plaintiffs.

*A. Ingram,* for the defendant.